UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT LEMKE,<br><br>Defendant. | Case No. 25-cr-00015-JST-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: ECF No. 2 |

Now before the Court is Defendant Robert Lemke's motion for early termination of his supervised release. ECF No. 2. The Court will deny the motion.

Lemke was convicted in the Southern District of New York on December 20, 2021 of threatening internet communications in violation of 18 § USC 875(c).[1]

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which provides that a court may:

> [T]erminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1); *United States v. Henry*, No. 11-CR-7032-MLH, 2020 WL 4281966, at *2 (S.D. Cal. June 23, 2020). In making that determination, the statute directs the court to "consider[] the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c). Those factors include "the nature and

---

[1] Unless stated otherwise, the Court takes its facts from the Presentence Report and Judgment in the Southern District of New York. *See* United States v. Lemke, Case No. 1:21-CR-00100-01 (AKH).

1   circumstances of the offense and the history and characteristics of the defendant" and "the
2   need . . . to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a). It is the
3   defendant's burden to justify the early termination of supervised release. *United States v. Weber*,
4   451 F.3d 552, 559 n.9 (9th Cir. 2006). The defendant is not required to demonstrate exceptional
5   circumstances or undue hardship to prevail on a motion for early termination. *United States v.*
6   *Ponce*, 22 F.4th 1045, 1047-48 (9th Cir. 2022).

7   Considering these factors, the Court is not persuaded that early termination of supervision
8   is appropriate at this time. First, Hunt's crime of conviction was very serious. *See United States*
9   *v. Lemke*, No. 22-156, 2023 WL 192493, *4 (2d Cir. Jan. 17, 2023), *cert. denied*, 143 S. Ct. 2510
10  (2023) (describing the offense conduct as the "callous inhumanity of Lemke's willingness to
11  threaten not only the 'senators, congressmen, and journalists' whose political speech he actually
12  intended to stifle, but also their 'spouses, children, and grandparents.'") (citations omitted).
13  Second, there is a need for both general and specific deterrence in this case. Since Lemke filed his
14  motion, he was the subject of a complaint to the Contra Costa County Sheriff by a pharmacist who
15  requested that a stay away order be issued against Lemke. *See* ECF Nos. 11, 12. The Court
16  reaches no conclusion here about the merits of Lemke's dispute with the pharmacist except to note
17  that law enforcement contact while on supervised release weighs in favor of continued supervised
18  release. "Continued supervised release in this case will serve as a deterrent to the resumption of
19  criminal activity." *United States v. Hunt*, No. 22-CR-00128-JST-1, 2022 WL 19975390, at *2
20  (N.D. Cal. Dec. 20, 2022) (collecting authorities). Finally, while Lemke argues that his sentence
21  exceeded the Sentencing Guidelines and was unreasonable, the district court articulated its reasons
22  for the sentence and the Second Circuit affirmed, concluding that "the district court's decision that
23  the sentencing factors, on the whole, justified the extent of the variance resulted from the reasoned
24  exercise of discretion." *Lemke*, 2023 WL 192493, at *4 (citation modified). The length of
25  Lemke's imprisonment therefore weighs against early termination of supervised release.

26  In short, the relevant factors all point toward denial of the motion.
27  / / /
28  / / /

**CONCLUSION**

For the foregoing reasons, Lemke's motion for early termination of supervised release is denied.

**IT IS SO ORDERED.**

Dated: December 19, 2025



_____
JON S. TIGAR
United States District Judge

3